UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE B. TOWNSEND, JR.,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON POLICE DEPARTMENT *et al.*,<br><br>Defendants. | Civil Action No. 21-3212 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on review of its docket. On September 28, 2021, the Court ordered pro se Plaintiff Claude B. Townsend, Jr. ("Townsend") to show cause as to why this case should not be dismissed for failure of service under Federal Rule of Civil Procedure 4(m). (Order, ECF No. 11.) Specifically, the Court noted that Townsend had not properly served Defendant Princeton Police Department and that 90 days had elapsed since filing the Complaint. (*Id.* at 1.)[1] In response, Townsend filed unsigned correspondence on October 4, 2021, requesting that the U.S. Marshals serve Defendants Princeton Police Department and Detective Robert Allie. (*See* ECF No. 12.)

The Court finds that Townsend has failed to properly serve both Defendants. Here, Townsend has personally served someone named Rachel Thomas at the Princeton Police Department. (*See* Certif. of Service, ECF No. 7.) Townsend's attempt at service is infirm for at least two reasons. *First*, Townsend cannot personally effect service under federal or state rules. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a

---

[1] The Court mistakenly stated that Townsend had personally served Defendant Allie in its prior Order.

summons and complaint." (emphasis added)); N.J. Court Rule 4:4-3(a) ("Summonses shall be served, together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult *not having a direct interest in the litigation.*" (emphasis added)).

*Second*, Townsend's attempt at service does not comply with federal or state rules for serving government bodies and individuals. To properly effect service on Defendant Princeton Police Department, Townsend has several options. Townsend can effect service by having "a copy of the summons and of the complaint" delivered to the Princeton Police Department's "chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Alternatively, Townsend can effect service by having "a copy of the summons and complaint" delivered to "the presiding officer," "clerk," or "secretary" of the Princeton Police Department. N.J. Ct. R. 4:4-4(a)(1), (8). Regarding Defendant Allie, Townsend can effect service by "doing any of the following":

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2); *see also* N.J. Ct. R. 4:4-4(a)(1) (same).

Further, the Court is not convinced that Townsend's correspondence satisfies the demands of proper service. Townsend's correspondence directs the U.S. Marshals to serve "the Princeton Police Department," Defendant Allie's attorneys, and "the Attorney General of the United States." (Pl.'s Letter 1, ECF No. 12.) These service instructions are improper. The Court notes that the correspondence is unsigned, fails to provide specific instructions to the U.S. Marshals regarding proper service (as detailed above), and fails to explain why Townsend—who is not proceeding *in*

*forma pauperis*—cannot serve Defendants. *See Welch v. Folsom*, 925 F.2d 666, 669-70 (3d Cir. 1991).

Although Townsend's service to date has been improper, the Court understands that Townsend, proceeding pro se, has attempted service several times. The Court will thus grant Townsend a final opportunity to properly serve Defendants. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

**IT IS THEREFORE**, on this 2nd day of November 2021, **ORDERED** as follows:

1.  By **December 2, 2021**, Townsend shall properly serve Defendants.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE