**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE B. TOWNSEND, JR., <br><br> Plaintiff, <br><br> v. <br><br> PRINCETON POLICE DEPARTMENT *et al.*, <br> Defendants. | Civil Action No. 21-3212 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court on Defendants Princeton Police Department (the "Princeton Police Department") and Detective Robert Allie's ("Detective Allie") (collectively, "Defendants") Motion to Dismiss pro se Plaintiff Claude B. Townsend, Jr.'s ("Townsend") Complaint. (ECF No. 28.) Townsend did not oppose. The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motion.

**I.   BACKGROUND[1]**

Townsend is a repeat player before this Court. *See Townsend v. N.J. Transit*, No. 22-540, 2022 WL 10646554, at *2 (D.N.J. Oct. 18, 2022), *aff'd*, No. 22-2993, 2023 WL 195160 (3d Cir. Jan. 17, 2023) (outlining the extent of Townsend's litigious efforts in an unrelated worker's

---

[1] The Court liberally construes Townsend's Complaint and accepts all well-pleaded facts as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (explaining that at this stage, courts are required to accept all well-pleaded allegations as true (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002))).

compensation matter). In this action, Townsend brings a claim based on an alleged violation of his Second Amendment rights. (*See generally* Compl., ECF No. 1.) Specifically, Townsend alleges that on July 30, 2020, the Princeton Police Department violated those rights by denying his application for a Firearms Identification Card and Permit to Purchase a Handgun ("Firearms Application") "due to the fact that [he] is an American Indian." (*See id.* at 3.) Townsend further alleges that Detective Allie, who was the investigating detective, requested medical clearance from Townsend "for being confined to a mental institution," in which Townsend denies he was ever confined. (*Id.*) Townsend also claims that former Princeton Chief of Police Nicholas Sutter ("Sutter") and Anthony Pue ("Pue") were involved in the underlying facts. (*Id.*) In an attachment to the Complaint which contains another complaint that Townsend filed with the U.S. Department of Justice (the "DOJ Complaint"), Townsend elaborates that Pue was treated differently than Townsend even though both shared the same issues, and that Sutter also contacted Townsend via e-mail. (*See* DOJ Compl. ¶ 10, ECF No. 1-1.)[2] In the DOJ Complaint, Townsend also mentions that he contacted the former Mayor of Princeton, Congresswoman Bonnie Watson Coleman, and "a few" Princeton detectives. (*Id.*) These are the extent of Townsend's factual allegations.

On February 12, 2021, Townsend filed a complaint in the United States District Court for the Eastern District of Pennsylvania against the Princeton Police Department and Detective Allie, in his official capacity, seeking enforcement of his Second Amendment rights and compensation in various forms, including declaratory relief and nominal damages. (*See* Schwartz Cert., Compl. 4, Ex. A, ECF No. 28-1.). Venue there was improper, so the Eastern District of Pennsylvania transferred the case to this Court. (*See* ECF No. 3.) On November 16, 2021, after several

---

[2] When deciding a motion to dismiss, a court can consider exhibits attached to the Complaint and matters of public record, in addition to the allegations contained in the Complaint. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

unsuccessful attempts, Townsend served the summons and Complaint on Defendants. (ECF No. 18.) Defendants did not receive timely notice that the Complaint had been served. (*See* Defs.' Moving Br. 2, ECF No. 28-2.) On February 7, 2022, Townsend filed a request to enter default against Defendants. (*See* ECF No. 19.) On February 8, 2022, Defendants' counsel was notified by an administrative officer in the Princeton Police Department that it received a copy of the request to enter default. (Defs.' Moving Br. 2.) On February 10, 2022, Defendants moved to vacate the entry of default and for leave to file a motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3] (ECF No. 20-2.) The Court granted Defendants' request on May 2, 2022. (ECF No. 26.) The instant Motion to Dismiss followed.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker*, 292 F.3d at 374 n.7). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[3] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

III.  **DISCUSSION**

As a preliminary matter, the Court notes that the deadline for Townsend to oppose Defendants' Motion has elapsed, and Townsend has failed to file any opposition.[4] "[T]he Court is nevertheless required to address a defendant's motion to dismiss on the merits even if it is unopposed by a plaintiff." *See Perry v. CDS Software, LLC*, No. 17-1397, 2017 WL 1712519, at *1 (D.N.J. May 1, 2017). Defendants contend that the Complaint fails to allege any facts that may demonstrate a plausible entitlement to relief and that, in any event, Townsend cannot sue the Princeton Police Department or Detective Allie. (*See* Defs.' Moving Br. 3-11.)

At this time, however, the Court finds itself unable to address the merits of Defendants' arguments given the lack of factual detail in Townsend's Complaint coupled with Townsend's failure to respond to the Motion to Dismiss. The Court recognizes that when a plaintiff is proceeding pro se, "the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "pro se litigants still must allege sufficient *facts* in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added). Furthermore, although the Court holds complaints filed by pro se plaintiffs to a lesser standard, pleadings must still be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v.*

---

[4] Instead of a response, Townsend filed his own motion for summary judgment. (ECF No. 29.) The Court denied the summary judgment motion as premature. (ECF No. 34.)

4

*Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Walsh*, 2016 WL 6826161, at *2.

Here, the Complaint is only a few sentences long and contains no factual detail as to what seems to be the crux of Townsend's Complaint: why Townsend believes he was denied the Firearms Application based on being American Indian. (*See generally* Compl.) Nor does Townsend explain who "Pue" is, and certainly not how Pue "was treated different[ly] from" Townsend "even though he has the same issues as [Townsend]." (*See* DOJ Compl. ¶ 10; *see generally* Compl.) And Plaintiff leaves entirely blank the section of the Complaint that asks whether he has suffered any injury. (*See* Compl. 4.) This dearth of detail detracts from the Court's ability to evaluate the Complaint's *factual* allegations.

As such, the Complaint fails to comply with Rule 8(a). The pleading standard under Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Yet without more factual detail, "fair notice" as to the nature of the claim does not exist here.

In sum, at this juncture, the Court cannot meaningfully address the merits of the Complaint or Defendants' corresponding arguments. Rule 15(a)(2) requires the Court to grant leave to amend a pleading "when justice so requires," unless amendment would be "inequitable or futile." *See Phillips*, 515 F.3d at 236. The Court will permit Townsend the opportunity to file an amended complaint to correct the deficiencies identified above within thirty days.[5]

---

[5] The District Court for the District of New Jersey publishes a Procedural Guide for Pro Se Litigants that is available online at: http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. The form complaint contained therein may assist Townsend in filing an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, The Court grants Defendants' Motion. The Court will enter an Order consistent with this Memorandum Opinion.

_s/ Georgette Castner_

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**
