**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE B. TOWNSEND, JR., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT ALLIE, DET., *et al.*, <br><br> Defendants. | Civil Action No. 21-03212 (GC) (TJB) <br><br> **OPINION** |

**CASTNER, District Judge**

 **THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss *pro se* Plaintiff Claude B. Townsend, Jr.'s Amended Complaint. (ECF No. 40.) Plaintiff opposed, and Defendants replied. (ECF Nos. 42 & 43.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED**.

## I. BACKGROUND

### A. FACTUAL BACKGROUND[1]

 Plaintiff Claude Townsend ("Townsend" or "Plaintiff") is a self-identified "American Indian" who resides in Princeton, New Jersey. (ECF No. 38 at 10.[2]) From March to June 2020,

---

[1] While the Plaintiff does not explicitly incorporate his original Complaint and its attached exhibits in his Amended Complaint, the Court infers that Plaintiff intended to do so. Thus, construing Plaintiff's pleadings liberally, the Court will consider the allegations in both pleadings.

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiff filed four separate "Firearms Purchaser Identification Card/ or Handgun Purchase Permit Application[s]" with the Princeton Police Department.  (*Id.* ¶¶ 2-8.)  Of these four applications, two were "filed online," and the system "did not give [Townsend] any confirmation" of receipt. (*Id.* ¶ 3.)  After unsuccessfully attempting to reach the Princeton Police regarding the status of his applications, Townsend filed a new Firearms Application with the New Jersey State Police Department in May 2020.  (*Id.* ¶ 5.)  The State Police referred Townsend back to the Princeton Police Department.  (*Id.*)  Later in May 2020, Townsend then filed his third Firearms Application with the Princeton Police and received a confirmation via email that his application was submitted. (*Id.* ¶ 6.)  After an exchange with Sergeant Gering regarding an incorrect reference email address, Townsend filed a fourth Firearms Application with the Princeton Police on June 19, 2020.  (*Id.* ¶¶ 7-8.)  This fourth Firearms Application is the subject of the instant complaint, although Townsend more generally complains of a cumulative refusal to give him a Firearms Permit.

Detective Robert Allie was assigned to investigate Plaintiff's fourth and most recent Firearms Application.  (*Id.* ¶ 11; ECF No. 1 at 3.)  Detective Allie requested medical documentation from Townsend's doctor after Plaintiff marked on the Firearms Application that he had been treated at All Access Mental Health ("AAMH").  (ECF No. 28-1 at 13.)  In an email to Townsend on July 15, 2020, Detective Allie wrote, "I am asking you to provide a letter from your care physician at AAMH stating that you are no longer suffering from that disability in a manner that would interfere with or handicap you in the handling of a firearm."  (ECF No. 28-1 at 16.)  On July 30, 2020, Plaintiff received a denial of his fourth Firearms Application from Princeton Chief of Police Nicholas K. Sutter.  (ECF No. 1-1 at 10.)  The denial stated, "[a]s explained in an e-mail to you from [Detective Allie], if you are able to provide the required medical clearance information requested, your application can be re-filed for consideration."  (ECF No. 1-1 at 10.)  On August

19, 2020, Townsend received an email from Vince Haba, Executive Director of AAMH, which stated "AAMH has no record of you receiving any services at this agency." (ECF No. 38-2 at 10.) Plaintiff forwarded this email to Chief Sutter that same day, but there is no indication that Townsend submitted a renewed Firearms Application. (*Id.* at 12.)

Plaintiff alleges that he "was denied a Firearms Purchaser Identification Card and Permit to Purchase a Handgun due to discrimination because of his race." (ECF No. 38 ¶ 21.) He alleges Detective Allie discriminated against him based on his race by requesting medical documentation to "prove [Plaintiff] was released from the care of the doctor" after receiving treatment for stress and anxiety on an out-patient basis at AAMH. (*Id.* ¶ 24; 10.) Plaintiff alleges this was improper because the New Jersey Code regulating the purchase of firearms—"N.J.C.2C:58-3I(2)(3)"[3]— only requires such documentation from those who have been confined or institutionalized and that he has never been "confined to a hospital, mental institution, or Sanitarium." (*Id.* ¶ 27.) Plaintiff further alleges that Detective Allie "used Domestic Violence Incidents against [Plaintiff] as a way to add [] a suggestion that Plaintiff was/is guilty when there were no charges filed against [P]laintiff for Domestic Violence." (*Id.* ¶ 22.) Plaintiff does not explain how Detective Allie "used" domestic violence incidents against him or what those incidents were. Finally, Plaintiff alleges that Anthony Pue, a Black man and a resident of Ewing Township, New Jersey, received a Firearms Permit from the Ewing Police Department. (*Id.* at 10.) Plaintiff alleges that Pue received the permit even though Pue had been "treated as an out-patient for stress and anxiety for years." (*Id.*) Plaintiff

---

[3]       This Court understands this to reference the New Jersey Code of Criminal Justice Title 2C, regulating the Purchase of Firearms.  *See* N.J. Stat. Ann. § 2C:58-3 ("A handgun purchase permit or firearms purchaser identification card shall not be issued . . . [t]o any person who is presently confined for a mental disorder as a voluntary admission . . . or who is presently involuntarily committed to inpatient or outpatient treatment.").

3

supplies a letter wherein Pue represents that "no documents or records [were] needed" for him to receive his permit.  (ECF No. 38-2 at 30.)

### B.  PROCEDURAL HISTORY

On February 12, 2021, Plaintiff filed his original Complaint in the United States District Court for the Eastern District of Pennsylvania against the Princeton Police Department and Detective Allie, in his official capacity.  (ECF No. 1.)  The Eastern District of Pennsylvania transferred the case to this Court due to improper venue.  (ECF No. 3.)  On November 16, 2021, after several unsuccessful attempts, Plaintiff served the summons and original Complaint on Defendants.  (ECF Nos. 1, 18.)

On February 7, 2022, Townsend filed a request to enter default judgment against Defendants.  (ECF No. 19.)  On February 9, 2022, Defendants' counsel was notified by an officer in the Princeton Police Department that it had received a copy of the request to enter default judgment.  (ECF No. 20-1 ¶ 19.)  On February 10, 2022, Defendants moved to vacate the Clerk's Entry of Default and for leave to file a motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).  (ECF No. 20-2.)  The Court granted Defendants' request on May 2, 2022. (ECF No. 26.)  Defendants then moved to dismiss.  (ECF No. 28.)  The Court granted Defendants' motion, dismissing Plaintiff's original Complaint without prejudice for failure to allege sufficient facts to state a claim.  (ECF No. 35.)

On February 27, 2023, Plaintiff filed an Amended Complaint, the operative pleading, against Detective Allie, the Municipality of Princeton, the Princeton Police Department, and unnamed individuals, in which Plaintiff alleges that Defendants "unlawfully discriminated against [him] based on his race."  (ECF No. 38 at 7.)  Plaintiff brings his discrimination claim under 42

U.S.C. § 1983 and cites the Second and Fourteenth Amendments to the United States Constitution. (*Id.*)

On May 22, 2023, Defendants moved to dismiss on the grounds that: (1) "the Amended Complaint does not allege any facts to suggest that the Plaintiff's Firearms Application was denied based on his race," (2) "the Complaint should be dismissed against the Princeton Police Department because it is a non-suable entity," and (3) "the Complaint against the Municipality of [Princeton] should be dismissed because the Amended Complaint fails to plead a claim for municipal liability." (ECF No. 40-2 at 10–12.) Plaintiff opposed, and Defendants replied via a letter brief. (ECF Nos. 42 & 43.)

## II.   <u>LEGAL STANDARD</u>

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab.*

*Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

The Court is mindful that *pro se* pleadings are to be liberally construed. *See Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019)). "Notwithstanding the rule of liberal construction, a *pro se* complaint may not survive dismissal if its factual allegations do not meet *Iqbal*'s basic plausibility standard." *Id.* (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)); *see also Kennedy v. Am. Airlines Inc.*, 195 F. Supp. 3d 646, 653 (D.N.J. 2016) (Simandle, C.J.) ("Despite this liberality, however, a *pro se* complaint must *still* 'contain sufficient factual matter, accepted as true,' to 'state a [plausible] claim to relief.'" (emphasis in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

## III.   DISCUSSION

### A.   PRINCETON POLICE

Defendants argue that the claims against the Princeton Police Department should be dismissed because, as an arm of the municipality, it cannot be sued in conjunction with Princeton. (ECF No. 40-2 at 12.)  The Court agrees.

"In New Jersey a municipal police department is not an entity separate from the municipality." *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006) (citing N.J. Stat. Ann. § 40A:14-118 (establishing that a municipal police department is "an executive and enforcement function of municipal government")); *Fearron v. Restuccia*, Civ. No. 20-14819, 2023 WL 2367679, at *9 (D.N.J. Mar. 6, 2023) ("MCSO is the municipal police department and Mercer County is the municipality.  As an administrative arm of Mercer County, MCSO is not a separate entity and therefore cannot be sued in conjunction with Mercer County.").  Thus, in section 1983

actions, courts have held that a municipal police department is not a proper defendant.  *See, e.g.*,
*Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In [s]ection 1983
actions, police departments cannot be sued in conjunction with municipalities, because the police
department is merely an administrative arm of the local municipality, and is not a separate judicial
entity." (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001))); *Randle v. Twp. of
Pennsauken*, Civ. No. 21-1073, 2023 WL 5816055, at *3 n.6 (D.N.J. Sept. 8, 2023) ("In the Third
Circuit, it is well established that courts 'treat [a] municipality and its police department as a single
entity for purposes of section 1983 liability.'" (citation omitted)).

Accordingly, the Princeton Police Department is dismissed with prejudice.

**B.  42 U.S.C. § 1983**

Plaintiff claims his constitutional rights were violated when he was denied a firearm permit
based on his race, and he brings his claims pursuant 42 U.S.C. § 1983, which provides in relevant
part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the District
> of Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress, except
> that in any action brought against a judicial officer for an act or
> omission taken in such officer's judicial capacity, injunctive relief
> shall not be granted unless a declaratory decree was violated or
> declaratory relief was unavailable.

[42 U.S.C. § 1983]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by
the Constitution and laws of the United States and must show that the alleged deprivation was
committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Courts have found that "[o]ne such right arises out of the Equal Protection Clause of the Fourteenth Amendment, which provides that no state shall . . . deny to any person within its jurisdiction the equal protection of the laws . . . . This is essentially a direction that all persons similarly situated should be treated alike." *Reed v. Chambersburg Area Sch. Dist.*, 951 F. Supp. 2d 706, 715 (M.D. Pa. 2013) (internal quotations and marks omitted).

For a claim predicated on "the denial of equal protection based on race, a plaintiff must show: (1) he is in a protected class; (2) the defendant acted under the color of state law; and (3) the defendant treated the plaintiff differently because of his race or, put differently, acted with a racially discriminatory intent or purpose." *Johnson v. Fuentes*, 704 F. App'x 61, 65 (3d Cir. 2017) (internal citations omitted).  "Intentional discrimination can be shown when: (1) a law or policy explicitly classifies citizens on the basis of race; (2) a facially neutral law or policy is applied differently on the basis of race; or (3) a facially neutral law or policy that is applied evenhandedly is motivated by discriminatory intent and has a racially discriminatory impact." *Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir. 2005) (citations omitted).

Defendants argue that Plaintiff's Amended Complaint should be dismissed against Princeton and Detective Allie because Townsend "does not allege any facts to suggest that the Plaintiff's Firearms Application was denied based on his race."  (ECF 40-2 at 10.)  The Court agrees that even when Plaintiffs pleadings are construed liberally, Plaintiff has not alleged sufficient factual matter to support the inference that denial was due to race.

Ultimately, Plaintiff has plausibly alleged that (1) as an American Indian, he is a member of a protected group, and (2) Defendants were acting under the "color of state law" when they denied his application.  *See, e.g.*, *Kendrick v. Bruck*, 586 F. Supp. 3d 300, 313 (D.N.J. 2022) ("Government officials who are statutorily tasked with taking enforcement actions against

Plaintiffs are proper defendants in cases challenging the constitutionality of those actions."). Plaintiff's section 1983 claim falters, however, because he has failed to allege sufficient facts to plausibly claims that the denial was due to his race.  Plaintiff merely states, repeatedly and without explanation, that his applications were denied based on his status as an American Indian.  (*See generally* ECF No. 38.)

Plaintiff's conclusory accusation of racial bias, without more, is not entitled to the assumption of truth under Rule 12(b)(6).  Plaintiff has not identified any instance in which the Princeton Police or Detective Allie referenced his race, acted in a manner that identified his race or could be interpreted to refer to it, or exhibited any behaviors that would suggest the decision to deny the Firearms Application was related to race.  To the contrary, the Firearms Application Denial sent by Chief Sutter stated, "if you are able to provide the required medical clearance information requested, your application can be re-filed for consideration." (ECF No. 1-1 at 10.) The letter not only does not mention race, it gives an entirely separate basis for denial of Plaintiff's Firearms Application and a method by which Plaintiff could remedy it.  Plaintiff has also not pointed to any policy or regulation that discriminates, either facially or in application, on race.

Plaintiff attempts to compare his situation to that of Pue, a fellow member of a protected class who applied for a permit in a different town at a different time with seemingly different medical conditions.  Although "[o]ne way a plaintiff can prove that a state actor acted with discriminatory intent is by showing that the plaintiff 'receiv[ed] different treatment from that received by other individuals similarly situated,'" *Johnson*, 704 F. App'x at 65 (citation omitted), Pue is not similarly situated to Townsend, and certainly not "in all relevant aspects."  *See, e.g.*, *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) ("Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'"  (citation

omitted)); *see also Doe v. Williamsport Area Sch. Dist.*, Civ. No. 22-01387, 2023 WL 6929316, at *9 (M.D. Pa. Oct. 19, 2023) ("Establishing discriminatory effect requires showing that the plaintiff is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class, to whom he is alike 'in all relevant aspects.'" (citation omitted)).

A plaintiff simply stating that other individuals are similarly situated is not enough to establish that these other individuals are "similar . . . in all relevant aspects" to support an equal protection claim, particularly where different entities and investigators are involved. *Kazar v. Slippery Rock Univ. of Pennsylvania*, 679 F. App'x 156, 162 (3d Cir. 2017) (internal quotation marks and citation omitted); *see also Buck Foston's New Brunswick LLC v. Cahill*, Civ. No. 11-03731, 2013 WL 5435289, at *26 (D.N.J. Sept. 27, 2013) ("The Third Circuit consistently requires some additional showing beyond a plaintiff's assertion that other entities are of the same general category as plaintiff . . . and engaged in the one similar incidence of conduct giving rise to plaintiff's cause of action (e.g. applying for a permit.)"). The facts as alleged show that Pue applied for and received a Firearms Permit from the Ewing Police Department, a different governmental entity related to a different municipality than the one Townsend applied to. (ECF No. 38 at 10.) Moreover, the fact that Pue, a fellow member of a protected class, was allegedly treated better than Townsend does not support the inference that the difference in treatment was racially motivated, particularly where there are no factual allegations of racially based conduct. *See Oliveira v. Twp. Of Irvington*, 41 F. App'x 555, 560 (3d Cir. 2002) (affirming a district court finding that Plaintiff did not explain how he was differently treated because of his race even in a circumstance where Plaintiff alleged the use of racial slurs); *see also DeMoss v. Delaware State Univ.*, Civ. No. 16-680, 2018 WL 4955231, at *4 (D. Del. Oct. 12, 2018) ("Subjective beliefs, unsupported by factual

allegations, cannot give rise to an inference of discrimination . . . [a]nd the allegations asserted by Plaintiff are not the kind of allegations from which the Court may reasonably infer that [Plaintiff] was discriminated against because of his race." (citing *Rodriguez v. AMTRAK*, 532 F. App'x 152, 153 (3d Cir. 2013))).

The Amended Complaint has thus failed to allege sufficient facts to state a plausible section 1983 claim against Detective Allie or the town of Princeton. Accordingly, Plaintiff's Amended Complaint is dismissed against them without prejudice.[4] If Plaintiff seeks to file any further amendment, he should move for leave to do so.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 40) is **GRANTED**. An appropriate Order follows.

Dated: December 22, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[4]   Defendants also argue that Plaintiff's claims against the Municipality of Princeton should be dismissed because the Amended Complaint fails to plead a claim for section 1983 municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692-95 (1978). (ECF No. 40-2 at 12–13). Because all claims within the Amended Complaint will be dismissed, the Court declines to address this issue at this time.